IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CESAR CRUZ-HERNANDEZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-25-1378-D |
| KRISTI NOEM, *et al.*, | ) ) ) |
| Respondents. | ) ) |

## ORDER

Petitioner Cesar Cruz-Hernandez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Mexico who entered the United States in 2002. Petitioner has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since November 1, 2025, and his removal proceedings are ongoing. Petitioner is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). In his Petition, Petitioner contends that § 1225(b)(2)(A) "does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings…." [Doc. No. 1, at 12]. Because of his assertion that § 1225(b)(2)(A) does not apply to him, Petitioner further asserts that his continued detention without a bond hearing violates his due process rights.

The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 3].

Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 8], and Petitioner filed a reply [Doc. No. 9].

On December 12, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 10], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely Objection to the Report and Recommendation [Doc. No. 11]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

First, Respondents contend that the Court does not have jurisdiction to consider Petitioner's claims, pursuant to 8 U.S.C. § 1252(g). Section 1252(g) limits the Court's jurisdiction to hear "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). However, the Supreme Court requires § 1252(g) to be read narrowly and applied "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted).

In a separate case involving the same issue, the undersigned previously found that "because [the] [p]etitioner [did] not challenge [the] [r]espondents' decision to commence or adjudicate proceedings or execute removal orders, … 8 U.S.C. § 1252(g) [did] not jurisdictionally bar consideration of the petition." *Colin v. Holt*, No. CIV-25-1189-D, 2025

2

WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025). Here, because Petitioner challenges the legal question of whether he is subject to mandatory detention under § 1225(b)(2)(A) or detention under § 1226(a), and he does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, § 1252(g) does not jurisdictionally bar consideration of the Petition. *See also Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025) (finding that the petitioner's challenge of his mandatory detention under § 1225(b)(2)(A) "do[es] not fall within the narrow jurisdictional bar stated in 8 U.S.C. § 1252(g)"); *see also Martinez Diaz v. Holt*, No. CIV-25-1179-J, 2025 WL 3296310, at *1 (W.D. Okla. Nov. 26, 2025) (same).

Next, Respondents object to the magistrate judge's conclusion that § 1226(a) applies to Petitioner's detention, and not § 1225(b)(2)(A), as suggested by Respondents. Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

Respondents contend that Petitioner is properly detained pursuant to § 1225(b)(2)(A), which provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission

3

>   is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). Respondents assert that Petitioner is an "applicant for admission" because he is present in the United States and has not been admitted, citing § 1225(a)(1). *See* 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted … shall be deemed for purposes of this chapter an applicant for admission.").

In previously construing § 1225(b)(2)(A), the undersigned concluded in *Colin* that the subsection "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *See Colin*, 2025 WL 3645176, at *4. In their Objection, Respondents argue that "seeking admission" is merely stating "applicant for admission" another way. Respondents also argue that Petitioner is "seeking admission" because Petitioner has not voluntarily self-deported.

The Court finds helpful the Seventh Circuit's recent analysis of this issue. In *Casañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---, 2025 WL 3552514 (7th Cir. Dec. 11, 2025), the Seventh Circuit denied the government's request to stay orders of the district court, finding that the government's argument that certain individuals were properly detained under § 1225(b)(2)(A) was likely to fail on the merits:

>   [W]hile a noncitizen arrested in the Midwest might qualify as 'an alien present in the United States who had not been admitted,' § 1225(a)(1), the mandatory detention provision upon which Defendants rely, limits its scope to an 'applicant for admission' who is 'seeking admission', § 1225(b)(2)(A). Put another way, 'U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the

4

> country under §§1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c).

*Id.* at *9 (quoting *Jennings*, 583 U.S. at 289).

In addressing the government's argument that "applicant for admission" is simply synonymous with a person "seeking admission," the Seventh Circuit admitted that the argument has "some superficial appeal," acknowledging that § 1225(a)(3) "refers to noncitizens 'who are applicants for admission or *otherwise* seeking admission[.]'" *Id.* However, the Seventh Circuit continued:

> [I]t is Congress's prerogative to define a term however it wishes, and it has chosen to limit the definition of an 'applicant for admission' to 'an alien present in the United States who has not been admitted or who arrives in the United States.' 8 U.S.C. § 1225(a)(1). It could easily have included noncitizens who are 'seeking admission' within the definition but elected not to do so.
>
> What is more, Defendants' construction would render § 1225(b)(2)(A)'s use of the phrase 'seeking admission' superfluous, violating one of the cardinal rules of statutory construction.

*Id.* (citation omitted).

Upon consideration, the Court continues to conclude that § 1225(b)(2)(A) unambiguously requires that an "applicant for admission" also be "seeking admission" for the subsection to control. Further, the Court declines to find that refusing to self-deport constitutes "seeking admission" for purposes of this subsection. Here, because Petitioner has been residing in the United States for many years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of

§ 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Valdez*, 2025 WL 3709021, at *3 ("Because Petitioner has been unlawfully living in the United States for many years without seeking admission, this provision does not apply to him."); *Martinez Diaz*, 2025 WL 3296310, at *3 ("Here, Petitioner has resided in the United States for approximately twenty years … and, therefore, is not 'seeking admission' into the United States. Accordingly, the Court finds § 1225(b)(2)(A) inapplicable to Petitioner."). Accordingly, § 1226(a) controls Petitioner's detention.

Having found that § 1226(a) controls Petitioner's detention, and noting no objection by Respondents as to their obligation to provide bond hearings for noncitizens under § 1226(a), the Court concludes that Petitioner is entitled to a bond hearing. *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings*, 583 U.S. at 306) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 10] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**. **IT IS THEREFORE ORDERED** that Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 2nd day of January, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge